# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **HERITAGEWEST FEDERAL CREDIT UNION,**<br>　　　　　Plaintiff,<br>vs.<br>**BRIAN NESS and JOCELYN NESS,**<br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER REMANDING CASE**<br><br>Civil Case No. 2:10CV1117DAK |

　　　　　This matter is before the court on Plaintiff's Motion to Remand to State Court. Plaitniff filed its motion on May 12, 2011, and a response to the motion was due May 31, 2011. Defendants have not filed an opposition as of the date of this Order and the parties have not notified the court that an extension has been granted.

　　　　　On November 10, 2010, Defendants removed this case from the Fourth Judicial District Court, in and for Utah County, State of Utah ("State Court Action"). The removal occurred nearly one month after Plaintiff's motion for summary judgment was granted and an order and judgment was entered against Defendants, jointly and severally, in the amount of $143,686.30. The State Court Action had been pending since July 14, 2009.

　　　　　To remove an action to federal court, the federal court must have original jurisdiction over the claim. 28 U.S.C. §1441(a). In addition, the defendant must file its notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

*Id.* §1446(b). There is an exception to the thirty day requirement where "the case stated by the initial pleading is not removable." *Id.* In that instance, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

The burden is on the removing party to demonstrate that jurisdiction is proper and that the requirements for removal have been met. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removal statutes are to be narrowly construed and "all doubts are to be resolved against removal." *Id.*; *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005).

Defendants' removal to this court was untimely. The Tenth Circuit has held that the key for determining the date from which the removal clock begins to run is when the defendant is able to "intelligently ascertain removability." *Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir. 1957). The Tenth Circuit has defined "ascertain" to mean "to find out or learn with certainty." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1999). When removal occurred in this case, the state court action had been pending for over a year and summary judgment had been entered against Defendants.

Even if Defendants' removal could be considered timely, Defendants did not demonstrate that this court would have had original jurisdiction over the claims. The Tenth Circuit "has held that to support removal jurisdiction, the required federal right or immunity must be an essential element of the plaintiff's cause of action, and that the federal controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Fajen v.*

2

*Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Defendants claim that their answer in the State Court Action alleges violations of federal securities laws. Defendants, however, did not file any counterclaims against Plaintiff and an affirmative defense provides insufficient grounds for removal jurisdiction. Defendants also claim that the State Court Action is related to a separate case in this court. The other federal case, however, cannot provide federal jurisdiction for the present case.

## CONCLUSION

Based on the above reasoning, Defendants' Notice of Removal was untimely and does not state a basis for federal jurisdiction. The court GRANTS Plaintiff's motion to remand to state court and orders that this case is remanded to the Fourth Judicial District Court in and for Utah County, State of Utah, Civil No. 090402575. Pursuant to 42 U.S.C. § 1447(c), the Clerk of this court shall mail a certified copy of this order of remand to the clerk of said state court. The Clerk of Court is further directed to close this case. Each party shall bear its and their own fees and costs.

DATED this 8th day of June, 2011.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge